**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGRI YAMILETH CANAS-MELENDEZ; ASHLY MICHELL AGUILAR-CANAS, | No. 17-73487 |
| Petitioners, | Agency Nos. A202-078-835 A202-078-834 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2020**
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,***
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Ingri Yamileth Canas-Melendez, a citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under section 242(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(1). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1093 (9th Cir. 2002); *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Where, as here, "the BIA's analysis on the relevant issues is confined to a simple statement of a conclusion, we also look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal quotation marks and citation omitted).

1.      To establish eligibility for a discretionary grant of asylum, an alien must demonstrate that she has suffered past persecution or has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).  Canas-Melendez claims persecution as a member of the particular social group defined as "Salvadoran women unable to leave an abusive domestic relationship." But even assuming that

---

[1]      Canaz-Melendez's daughter Ashly also applied for relief, but her application is derivative. *See* 8 U.S.C. § 1158(b)(3)(A).

her proposed group was cognizable under the INA, an issue which we do not resolve, substantial evidence supports the conclusion that Canas-Melendez failed to establish her membership in that putative social group because she failed to establish that she was unable to leave her abusive domestic relationship.

The IJ acknowledged Canas-Melendez's testimony that her partner, Jose, once threatened to harm her or her family if she tried to leave him. But the IJ noted that for three years, neither Canas-Melendez nor her parents asked him to leave or ever called the police or sought other assistance. The IJ noted that, when her parents finally did ask him to leave, "he apparently had no problems with leaving her or her family's home." The IJ found that this showed that "quite possibly had either she or her parents asked Jose to leave the house at any time, he would have done so." Moreover, Canas-Melendez continued to live with her parents for another seven months and never was abused by—or even had personal contact with—Jose during that time. Indeed, the record supports the finding that Canas-Melendez had been out of her "abusive domestic relationship" for many months before her departure for the United States.

2. Canas-Melendez's failure to raise her CAT claim before the BIA constitutes a failure to exhaust administrative remedies, depriving this Court of jurisdiction to address this issue in her petition for review. *E.g., Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 988 (9th Cir. 2000). Even assuming Canas-Melendez had

3

17-73487

properly raised her CAT claim before the BIA, substantial evidence supports the IJ's finding that Canas-Melendez had not shown "it is more likely than not that [she] would be tortured if removed to" El Salvador. 8 C.F.R. § 1208.16(c)(2). Canas-Melendez's past experiences do not amount to torture, which is an "extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment." 8 C.F.R. 1208.18(a)(2). Moreover, Canas-Melendez has not alleged that Jose or anyone else would seek to torture her on her return to El Salvador. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (petitioner must demonstrate a "particularized threat of torture"). Although Canas-Melendez argues that the Salvadorian government has been generally ineffective in preventing violence against women, a government "does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (citation omitted).

**PETITION DENIED.**